# CAPITAL CASE - EXECUTION SET for APRIL 27, 2017

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

| | | |
|---|---|---|
| KENNETH DEWAYNE WILLIAMS | * | |
| | * | |
| PETITIONER | * | |
| | * | |
| V. | * | |
| | * | NO:  5:07CV00234  SWW |
| WENDY KELLEY, Director, Arkansas | * | |
| Department of Correction | * | |
| | * | |
| RESPONDENT | * | |

## **OPINION and ORDER**

Kenneth Dewayne Williams, an inmate in custody of the Arkansas Department of Correction (ADC), is under sentence of death for the 1999 murder of Cecil Boren. Williams's execution is scheduled to be carried out on April 27, 2017.   Williams commenced this action on September 10, 2007, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For reasons set forth in a order entered November 4, 2008, the Court found that each claim asserted in Williams's petition lacked merit, and the Court entered final judgment denying all relief.  Williams appealed,  the Eighth Circuit affirmed, *Williams v. Norris*, 612 F.3d 941 (8th Cir. 2010), and the Supreme Court denied a writ of certiorari.  *Williams v. Norris*, 562 U.S. 1290 (2011).

On April 25, 2017, two days before his scheduled execution, Williams filed (1) a motion for relief from judgment, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [ECF No. 39]; (2) a motion to stay execution [ECF No. 40]; (3) an amended

petition for habeas relief [ECF No. 45]; and a second motion to stay execution [ECF No. 45]. The State has filed a motion to dismiss the amended petition [ECF No. 51]; a response in opposition to Williams's Rule 60(b)(6) motion [ECF No. 52]; and a response in opposition to stay execution [ECF No. 53], and Williams has filed a reply in support of his motion under Rule 60(b)(6) [ECF No. 55] and a response in opposition to the State's motion to dismiss [ECF No. 56]. After careful consideration, and for reasons that follow, the Court finds that it lacks jurisdiction to entertain Williams's motion, amended petition, and motions for stay of execution, and the Court immediately transfers these filings to the Eighth Circuit Court of Appeals.

**I. Background**

On September 15, 1999, Williams arrived at the Cummins Unit of the ADC to begin serving a life sentence, without the possibility of parole, for the following crimes he had committed in December 1998: capital murder, attempted capital murder, kidnaping, aggravated robbery, theft, and arson. Eighteen days after entering the prison, Williams escaped by hiding in a hog-slop truck that had entered the prison grounds. When the truck was away from the prison, Williams jumped from the tank and hid in a ditch. He eventually walked to Cecil Boren's house, where he robbed and killed Boren. The next day, Williams fled from police in a highspeed chase that ended when his vehicle collided with another and killed the driver, Michael Greenwood.

On August 30, 2000, a Lincoln County jury convicted Williams for the capital felony murder of Cecil Boren and theft of property. Williams was sentenced to death.

The Arkansas Supreme Court affirmed Williams's convictions and sentence on direct appeal. *Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002). Subsequently, attorney Jeffrey Rosenzweig filed a post-conviction petition on Williams's behalf, pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The Rule 37 petition did not assert juror bias or misconduct, but Williams did seek authorization to retain an investigator to probe these issues. In support of his request, Williams noted that the Cummins Unit was located in Lincoln County, Cecil Boren had worked for the prison system, and high percentage of Lincoln County's population was associated with the Cummins Unit.

After a hearing, the circuit court denied post-conviction relief and Williams's request for funds for an investigator. On appeal, Williams admitted not knowing whether jurors made any misrepresentations during voir dire, but he maintained that an investigation was warranted to determine the same and that the circuit court erred in denying him funds. The Arkansas Supreme Court affirmed the denial of post-conviction relief and held that Williams had failed to demonstrate the need for an investigator. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). The Supreme Court noted: "The obvious question is why Williams's counsel for his Rule 37 petition did not investigate the matter initially himself for purposes of his Rule 37 petition to determine whether any juror seated for the trial was dishonest in his or her voir." *Id.*, 369 Ark. at 122, 251 S.W.3d at 302.

On September 10, 2007, Williams, through his attorney Jeffrey Rosenzweig, commenced this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pertinent to Williams's present Rule 60(b) motion is Claim VII of his original petition, asserting that the state court's denial of funds to hire an investigator was an unreasonable application of *Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479 (2000). *See* ECF No. 1, at 26-33. In *Taylor*, the United States Supreme Court held: "We do not suggest the State has an obligation to pay for investigation of as yet undeveloped claims; but if the prisoner has made a reasonable effort to discover the claims to commence or continue state proceedings, [28 U.S.C. § 2254(e)(2)] will not bar him from developing them in federal court." *Taylor*, 529 U.S. at 443, 120 S. Ct. at 1494. Williams also asked this Court for funds to hire an investigator and for an evidentiary hearing on results obtained from the investigation. *Id*.

Importantly, Williams **did not** argue in his petition that the jurors in his case were biased or committed misconduct. The heading of Claim VII of his original petition reads:

> THE JURY WHICH CONVICTED WILLIAMS WAS BIASED IN VIOLATION OF THE SIXTH AMENDMENT. THE CIRCUIT COURT ERRED IN DENYING AUTHORIZATION TO RETAIN AN INVESTIGATOR TO PROBE ISSUES OF JURY BIAS AND MISCONDUCT. WILLIAMS IS ENTITLED TO RESOURCES WITH WHICH TO INVESTIGATE AND PRESENT THIS CLAIM

ECF No. 1, at 26. Williams's habeas argument, however, was limited to arguing state-court error based on the denial of funds. He argued that "*Williams v. Taylor* demonstrates that the investigation of the jurors . . . is a reasonable litigation expense[,]" *Id*. at 29, and he acknowledged: "We do not know whether any misrepresentation similar to Williams v. Taylor occurred . . . because the circuit court denied Williams the

resources to find out." *Id*. at 33.

Applying the *habeas* standard of review, this Court determined that the state court's determination was not contrary to, nor an unreasonable application of, Supreme Court precedent, stating as follows:

> Williams concedes that he does not have any evidence that a specific juror misrepresented the facts during voir dire so as to cover up any bias[,] and Williams is unaware of any bias on the part of any juror. He argues, however, that he is entitled to funds to explore whether any such evidence of bias might exist. As the Arkansas Supreme Court noted, *Williams v. Taylor* does not establish the existence of a constitutional entitlement to post-conviction investigative funds for the purposes of discovering whether a claim of constitutional error exists. Williams sets forth no precedent, and the Court finds none, for the proposition that a state court must provide investigative services in state post-conviction proceedings, much less to provide them merely upon a request that is unsupported by any allegation reflecting the existence of juror misconduct or a hint thereof.

ECF No. 9, at 28; *Williams v. Norris*, No. 5:07CV00234 SWW, 2008 WL 4820559, at *16 (E.D. Ark. Nov. 4, 2008). The Eighth Circuit affirmed, finding that *Williams v. Taylor* was inapposite and that "Williams had no right to funding for an investigation to develop entirely speculative claims." *Williams v. Norris*, 612 F.3d 941, 959 (8th Cir. 2010).

On April 11, 2017, Williams filed a motion in this closed case, asking the Court to appoint co-counsel. Anticipating that Williams had plans to file a post-judgment motion, the Court granted the motion for co-counsel, and Assistant Federal Defender James Moreno entered his appearance. On April 21, 2017, attorney Rosenzweig filed an *ex parte* motion under seal, requesting to withdraw as counsel. The motion stated that co-

counsel planned to file a motion that would cause Rosenzweig to be a witness in any hearing. The Court granted the request to withdraw and instructed the Clerk to unseal Rosenzweig's motion.

The case is now before the Court on matters that were filed on April 25, 2017: Williams's motion for relief from judgment pursuant to Rule 60(b), amended petition for habeas relief, and motions for stay of execution and the State's motion to dismiss the amended petition.

## II. Motion for Relief from Judgment

Williams argues that he is entitled to reopen this case and seek relief under Rule 60(b)(6) because his right to an impartial jury was violated, and he alleges the following instances of juror bias or misconduct: (1) a juror–who listed her occupation as teacher but was not questioned further about her employment–was a teacher at the Cummins Unit, and she told other jurors that prison conditions for inmates serving life sentences were superior to those encountered by death-row inmates; (2) the jury foreman stated during voir dire that his religious beliefs would not interfere with his service, but he led other jurors in prayer and referred to the Old Testament; (3) a sheriff responsible for escorting the jurors falsely informed one or more jurors that Williams had threatened them and that precautionary measures had been taken; (4) one juror failed to consider mitigating evidence and, instead, decided that Williams should be sentenced to death based on the guilty verdict; and (5) one juror did not disclose that the victim was her husband's patient, and another juror did not disclose that she knew the victim's brother and daughters.

6

Williams claims that the foregoing instances of juror misconduct were not discovered until co-counsel was appointed in this case on April 11, 2017.

This Court first evaluates whether Williams's purported Rule 60(b) motion is in fact a second or successive *habeas* petition. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the motion is actually a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Court of Appeals, or exercise discretion to transfer the motion to the Court of appeals. *Id*. at 814; 28 U.S.C. §2244(b)(1) & (3)(a).

"A Rule 60(b) motion is a second or successive *habeas corpus* application if it contains a claim." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). A motion does not raise a claim when it attacks "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S. Ct. 2641, 2648 (2005). A claim is "'an asserted federal basis for relief from a state court's judgment of conviction'" or an attack on the "'federal court's previous resolution of the claim *on the merits*.'" *Id.* at 933 (quoting *Gonzalez*, 545 U.S. at 530, 532). In this context, "on the merits" means "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).'" *Gonzalez*, 545 U.S. at 532 n.4. A movant is not seeking a determination on the merits if he "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n.4.

Williams argues that this motion is properly considered under Rule 60(b) because he is attacking defects in the federal proceedings: (1) the denial of funds to conduct an investigation of juror bias and misconduct and (2) the failure of his habeas lawyer to undertake any investigation.

He compares this Court's denial of funds to a procedural ruling precluding a merits determination; he says this Court can therefore open his habeas judgment to review juror misconduct claims, but the Court finds there were no misconduct claims. This Court is not convinced that Williams presented a claim alleging juror misconduct in his habeas petition, as he did not discuss it despite including a reference to it in a discussion heading. He does not say how this Court erred in denying habeas counsel's request for funds. The Court finds that Williams is conflating a procedural ruling with a non-existent ruling on a never-asserted claim.

With respect to his habeas lawyer's conduct, the crux of Williams's argument is that counsel's performance was deficient because he failed to investigate and present juror misconduct and bias evidence for the Court's review. The charge of deficient performance is a "claim" within the meaning of *Gonzalez* and *Ward*. While "an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel." *Ward*, 577 F.3d at 932; *see also Gonzalez*, 545 U.S. at 530-32 & n.5. Williams's purported Rule 60(b) motion is "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same

requirements would be 'inconsistent with' the statute." *Gonzalez*, 545 U.S. at 530-32 (quoting 28 U.S.C. § 2254 and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts.)

Because Williams's arguments have either already been decided in habeas or constitute new claims, his Rule 60(b) motion is actually a second or successive petition requiring preauthorization from the Court of Appeals. This Court therefore lacks jurisdiction to consider Williams's motion.

Even if Williams's motion is not considered a second or successive petition, he is not entitled to relief under Rule 60(b)(6)—a catch-all provision, providing relief from final judgment for "any reason that justifies relief." Relief under this subsection is only available in "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. "Such circumstances will rarely occur in the *habeas* context." *Id.* Williams presents no convincing argument that his circumstances are extraordinary. A death sentence has been imposed. Williams's habeas lawyer's failure to present this juror misconduct evidence, however, is not the type of extraordinary circumstance required to reopen a final judgment. Moreover, Williams has not been diligent in raising these arguments. A Rule 60(b) motion must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Under either this standard, or the more specific one-year deadline raised by the State, Williams has waited too long to raise these arguments under Rule 60(b). His jurors have been available since the trial, and there was nothing to prevent interviewing them before now. His attempts to justify the delay [ECF No. 39, at 36-40] are not convincing.

For the reasons stated, the Court finds that Williams's motion is equivalent to a successive habeas petition and that Williams has failed to obtain permission from the Eighth Circuit, as required under § 2244(b)(3)(A). The purported motion for relief from judgment and accompanying motion to stay execution will be immediately transferred to the Eighth Circuit.

### III. Motion to Dismiss the Amended Petition

With his amended petition for habeas corpus, Williams claims that he is intellectually disabled,[1] thus ineligible for execution pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002). The State moves to dismiss the amended petition on the ground that it is a second or successive petition.

**The Antiterrorism and Effective Death Penalty Act imposes three** requirements on second or successive habeas petitions: (1) any claim that has already been adjudicated in a previous petition must be dismissed, as required under § 2241(b)(1); (2) any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, as required under § 2244(b)(2); and (3) before the district court may accept a successive petition for filing, the court of appeals must determine that

---

[1]In *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002), the Supreme Court held that the execution of "mentally retarded" criminals amounts to cruel and unusual punishment in violation of the Eighth Amendment. In *Hall v. Florida*, — U.S. —, 134 S.Ct. 1986 (2014), the Court departed from using the term "mentally retarded" and adopted the label "intellectually disabled" to describe the identical condition.

it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions, as required under § 2244(b)(3). *See Ward v. Norris,* 577 F.3d 925, 933 (8th Cir. 2009)(quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641 (2005)).

Here, Williams presents a new claim that has not been adjudicated, without first obtaining authorization from the Eighth Circuit. Accordingly, his amended petition is an unauthorized successive petition, and this Court lacks jurisdiction over the petition and the accompanying motion to stay execution. *See Burton v. Stewart*, 549 U.S. 147, 149, 127 S. Ct. 793, 794 (2007).

According to Williams, his amended petition is not a second or successive petition as defined under 28 U.S.C. § 2244(b) because his *Atkins* claim "has only now become ripe both because *Atkins* represents a substantive categorical restriction on the state's ability to execute intellectually disabled individuals and because [he] was represented by conflicted counsel throughout this federal habeas proceedings up until the moment the Court appointed [co-counsel] two weeks ago." ECF No. 45, at 4. Alternatively, Williams asserts that he may bring his *Atkins* claim under 28 U.S.C. § 2241.

These are arguments more properly presented to the Court of Appeals in support of a request for authorization to file a successive petition. However, the Court notes that the Eighth Circuit recently rejected the argument that a claim that the Eighth Amendment forbids the execution of a intellectually disabled person is not ripe until a death warrant is

issued. *See Davis v. Kelley*, No. 04-2192, Order at 6-10 (8th Cir. April 17, 2017).[2]

Additionally, Williams's argument that his *Atkins* claim is properly brought under § 2241 is contrary to the law of this Circuit. Section 2254 is the only means by which a person in custody pursuant to the judgment of a state court may raise challenges to the validity of his conviction or sentence or to the execution of his sentence. *See Singleton v. Norris*, 319 F.3d 1018, 1023 (2003)(quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th

---

[2]In *Davis v. Norris*, 423 F.3d. 868 (8th Cir. 2005), the Court held that an attempt to raise an *Atkins* claim for the first time on appeal was the functional equivalent of a second or successive petition for habeas corpus because the petitioner sought to amend his original petition and obtain an evidentiary hearing on an *Atkins* claim. The Court of Appeals noted that the petitioner could not bring a second or successive petition on a claim that relied on new law when it was not presented in a prior application "unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Davis*, 423 F.3d. at 879 (quoting 28 U.S.C. § 2244(b)(2)(A)). The Eighth Circuit held that an *Atkins* claim was not previously unavailable to Davis because the Supreme Court issued the *Atkins* opinion while Davis was pursuing habeas relief in the district court.

After Governor Asa Hutchinson scheduled Davis's execution for April 17, 2017, Davis filed a motion to recall the mandate or, alternatively, for leave to file a successive petition. Davis argued, among other things, that he had previously raised a claim challenging his *death sentence* under *Atkins*, but his present claim was that *Atkins* prohibited his *actual execution*, a claim that he argued was not ripe until his death warrant was issued. Davis compared his *Atkins* claim to a *Ford*-based competency claim, which the Supreme Court has held is not ripe until execution is imminent. *See Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).

The Eighth Circuit rejected Davis's argument, noting that the Supreme Court has carefully limited its holdings in *Panetti v. Quarterman,* 551 U.S. 930, 127 S. Ct. 2842, (2007*)* and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618 (1998) to a narrow range of cases and the particular circumstances presented with *Ford*-based competency claims. *See Davis v. Kelley*, No. 04-2192, Order at 6-10 (8th Cir. April 17, 2017).

12

Cir.2001)).

In sum, the Court finds that Williams's amended petition is a second or successive petition, brought without authorization from the Eighth Circuit, and that this Court lacks jurisdiction to entertain the amended petition and the accompanying motion for stay of execution. Accordingly, the Court will will immediately transfer the amended petition and motion for stay of execution to the Eighth Circuit, pursuant to 28 U.S.C. § 1631.

**IV.**

For the reasons stated, IT IS THEREFORE ORDERED that:

(1) Petitioner's filing labeled a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) [ECF No. 39] and the accompanying motion to stay execution [ECF No. 40] are transferred to the United States Court of Appeals for the Eighth Circuit. This transfer is immediate.

(2) Petitioner's amended petition [ECF No. 45] and accompanying motion for stay of execution [ECF No. 46] are transferred to the United States Court of Appeals for the Eighth Circuit. This transfer is immediate.

(3) Respondent's motion to dismiss petition [ECF No. 50] is MOOT.

IT IS SO ORDERED THIS 26th DAY OF APRIL, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE